UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT
OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re:<br>Selena Wade<br><br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   17-24318<br><br>Chapter:  13<br><br>Honorable Jack B. Schmetterer |

## MEMORANDUM OPINION ON DEBTOR'S MOTION
## FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(k)

Following evidence hearing held September 18, 2017, on Debtor's Motion for Sanctions Pursuant to 11 U.S.C. §362(k), the following are the facts found:

### FINDINGS OF FACT

On August 5, 2017, Debtor's car was repossessed by employees of JLW Automotive, Inc., a corporation d/b/a Automonsta ("Automonsta") located at 6128 South Western Avenue in Chicago, Illinois, and by John Willis its president ("Willis").

On August 14, 2017, Debtor Selena Ward ("Debtor"), filed her Chapter 13 case in bankruptcy. At some date subsequent to that date, notice was given to Willis that he had repossessed a car owned by the Debtor who had filed a bankruptcy case. However while Willis did acknowledged during the evidence hearing receipt of such notice of the bankruptcy filing, he testified he did not receive such notice until "late in August", 2017. The Debtor did not offer documentary or testimonial evidence as to the exact date notice was served on Wills. From testimony of Willis, it appears that by the date he received notice of the bankruptcy, Debtor's car had been loaned out by him to another customer. He claims that he sought to obtain return of the vehicle from that customer, but was not able to obtain its return until September 2, 2017. He

testified that starting on September 2, 2017, he placed calls to the Debtor asking her to come in and pick up her car, but she did not pick up the car until September 8, 2017, when the car was returned to her. Debtor conceded that she picked up the car on September 8, 2017, and she did not offer evidence contradicting Willis testimony of his earlier efforts to deliver her car.

Debtor testified she had used the car originally to provide transportation services with a company known as UBER. Debtor testified that once the car was taken away she lost income which averaged between $75 to $100 per day. She did not, however, submit any records corroborating the amount of lost income. The Debtor asserts that Willis and his company held the car in willful violation of the bankruptcy automatic stay, thus depriving Debtor of her normal earning through use of the vehicle. Debtor seeks to recover damages plus attorney's fees as part of damages pursuant to § 362(k) of the Bankruptcy Code, Title 11 U.S.C. Mr. Willis' position is that he tried to get the car back from another customer he had loaned it to as soon as he found out about the bankruptcy and tendered return of the car to the Debtor as soon as he regained possession, and therefore he should not be sanctioned.

## CONCLUSIONS OF LAW

In this circuit the automatic stay has been found to require immediate post-bankruptcy return of a vehicle repossessed prior to a Debtor filing a bankruptcy case under Chapter 13. *Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009). In this case the evidence was vague as to what date the notice of bankruptcy was submitted to Willis after Debtor filed bankruptcy on August 14, 2017. There being no documentary evidence admitted into evidence as to such notice or testimony as to service of it, we must rely on the testimony of Willis that he received the notice in "late August" of 2017. From the testimony of Willis, the Court finds that by August 20, 2017, he had received notice of the bankruptcy. From his

2

testimony it must also be found that on September 2, 2017, he recovered the vehicle from the third party to whom he had loaned it and he began by that date his attempts to contact the Debtor so as to offer return of the car. However, Debtor did not come in to pick up the car until September 8, 2017.

The Debtor was therefore deprived use of her car from August 20, 2017 to September 2, 2017, a total of 12 days. While Wills testified he tried to recover possession from his other customer to whom it was loaned within those 12 days, he did not demonstrate details of his efforts to recover the car, or whether he exercised his legal right in some formal or forcible way to recover the car. Therefore his inability to recover the car does not excuse for that period his inability to return the car and he is found to have willfully violated the automatic bankruptcy stay during that 12 day period.

The Debtor testified that she lost earnings from her inability to drive the car during those twelve days, as well as before and after that period, amounting to $75 to $100 per day. She offered no corroborating records or other evidence showing her actual usual earnings when she drove her car for UBER. Therefore, the Court finds that her lost earnings during that period at the minimum range of her testimony, $75 per day for 12 days, are $900.

After she recovered the car, she blames Willis and his company for her continued lack of earning from UBER driving because there was a part of the car missing that had held her cell phone and also because her cell phone had been turned off because of lack of payment. She blames lack of a car to drive for UBER to her inability to pay the cell phone. However, she has not supplied any details or documents concerning the phone billing to corroborate her testimony that her lost earnings after the twelve days and her non-payment of the cell phone were caused

3

by the Respondent. Therefore, damages will not be imposed for the cell phone or lost income for the period after the car was returned.

She also claims loss of a security deposit on a new apartment because she did not have her earnings from the UBER driving to allow her to go forward with that transaction. However, she did not supply documents or testify as to the amount of rent, or any details which would relate to her taking on a new apartment, or the causation between loss of auto use and loss of apartment and consequent loss of down payment. Willful misbehavior of Willis has not been established to show that any loss for apartment security deposit or use of cell phone is to be imposed on him or his company.

Debtor also claims attorney's fees related to efforts to recover the car, which might be recovered under §362(k), if proven. However, no evidence was offered at the hearing as to possible attorney's fees that might be imposed.

## CONCLUSION

Debtor is awarded $75 per day in lost earnings for the 12 days between August 20, 2017 to September 2, 2017, during which she was deprived of the car because of Willis' actions or omissions to return it, for a total of $900 ordered to be paid by Willis and Automonsta within 14 days hereof.

By separate order, Willis and his company will be required to pay to the Debtor within 14 days hereof a total of $900 to compensate for damages, but all other requests for relief are denied.

Jurisdiction is reserved to enter judgment if the $900 is not paid.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of September 2017.